**E-FILED**
Friday, 24 August, 2012  09:33:00 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| DANIEL FRANKLIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 10-CV-3311 |
| | ) | |
| DON HENKE, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

A telephone conference was held on August 20, 2012 to discuss the motion to withdraw by Plaintiff's attorney.  After hearing oral argument, the Court granted the motion over Plaintiff's objections because Plaintiff's counsel is unable to bear the financial burden of representing Plaintiff.  Plaintiff maintained that he is unable to represent himself because he has brain cancer, is on psychotropic medications, and is in the inpatient unit at Dixon Correctional Center.  However, Plaintiff represented his position lucidly at the hearing and he clearly understood

the issues regarding exhaustion and the substance of Defendants' motion.

The records on file seem to indicate that Plaintiff has a benign brain

tumor, not brain cancer.  (Springfield Human Rights Authority Report of

Findings dated 1/26/10, p. 2, d/e 25-1.)  At this point Plaintiff will

proceed pro se, but the Court may reevaluate that conclusion as the

record develops, particularly since the records indicate that Plaintiff has

"Lewey Body Dementia," which, according to the Mayo Clinic website, is

a progressive form of dementia.  Id. at p. 19; www.mayoclinic.com (last

visited 8/23/12).  Plaintiff did not exhibit any signs of dementia at the

hearing, and he was ultimately found fit to stand trial, but the record

should be further developed on this point.

At the conference, the Court set a hearing for September 4, 2012

on Defendants' motion to dismiss for failure to exhaust.  However,

further review of the record shows that more information is needed for a

productive hearing.  Defendants' motion for summary judgment does not

include Defendant Henke's complete deposition or the patient

handbook.  The parts of Defendant Henke's deposition which are on file

seem to indicate more than one procedure for exhausting administrative remedies.  The Court would also like Defendants to address, through affidavits, whether Plaintiff had the mental capacity to understand the patient handbook and to exhaust his administrative remedies as they believe he should have.

Accordingly, Defendants' current motion for summary judgment will be denied, and they will file another summary judgment addressing these issues.  Plaintiff will have an opportunity to respond to the new summary judgment motion.  An evidentiary hearing will be held if necessary.

IT IS THEREFORE ORDERED:

1) Defendants' motion for summary judgment for failure to exhaust is denied (d/e 24).

2) The motion by Plaintiff's counsel for payment of interim fees and costs is granted in part (d/e 33).  The Court approves $1,000 in reimbursement and will forward Plaintiff's request to the Bench and Bar Committee for further consideration.  However, in light of the District's

need to limit expenditures from the District Court Fund, the Court will recommend that only an additional $500 be reimbursed, for a total reimbursement of $1,500.

3) The motion to withdraw by Plaintiff's counsel is granted (d/e 36).

4) The Court vacates its 8/2/12 order striking Plaintiff's pro se filing dated 6/15/12.  Now that Plaintiff is proceeding pro se, the Court will consider this filing.

5) By September 28, 2012, Defendants are directed to file a renewed summary judgment motion regarding the exhaustion of administrative remedies.  In addition to addressing the issues discussed in their prior motion, Defendants' renewed motion shall include:

a) the complete deposition of Defendant Henke;

b) the complete patient handbook;

c) affidavits addressing Plaintiff's mental capacity to understand the patient handbook and to follow the grievance procedures during the relevant time period;

d) a copy of all documents filed by Plaintiff with the

Guardianship and Advocacy Commission during his detention in

McFarland Mental Health Center; and,

e) a copy of all Plaintiff's medical and mental health records

possessed by McFarland Mental Health Center.  The records shall be

filed under seal.  A protective HIPAA order will enter separately.

6) An evidentiary hearing is set for December 11, 2012 at 10:00

a.m. by video conference.  The hearing may be cancelled if the paper

submissions demonstrate that a hearing is unnecessary.

7) The court reporter is directed to prepare and file a transcript of

the 8/20/12 conference.

ENTERED: August 24, 2012

FOR THE COURT:

                              s/Sue E. Myerscough
                              SUE E. MYERSCOUGH
                              UNITED STATES DISTRICT JUDGE